On Application for Rehearing and Motion to Correct Decree.
 

 PER CURIAM.
 

 We have carefully reviewed the alleged errors assigned by the defendant and appellee in his application for a rehearing in this case and the authorities cited in support thereof, and being of the opinion that they are not well founded, we adhere to our original opinion. However, in a motion filed by plaintiff and appellant to correct our decree of December 2, 1935, our attention has been called to a mathematical error in the calculation of the amount due her as an ordinary creditor, which should be the sum of $285.06 instead of $66.08.
 

 We found that the prorata portion of the sale price of the property applicable to the real estate to be $7,844.88, which was insufficient to discharge all the secured claims affecting the real estate. The amount should have been distributed as follows: (1) $245.20 for the prorata part of taxes applicable to real estate; (2) $4,-244.18 for amount due on Rives’ notes; (3) $2,140 for principal amount due plaintiff on special mortgage in her favor; and (4) $1,215.50 to be applied on the junior mortgage of the Bastrop State Bank.
 

 The total amount of ordinary creditors, as reflected by the final account, is $3,065, to which we must add $947.39, the amount which we found to be due plaintiff as an ordinary creditor, and the deficiency due the junior mortgage creditor, Bastrop State Bank, $959.49, aggregating the sum of $4,971.88. After deducting the other privileged ^claims, that is, for funeral expenses, judicial expenses, expenses of last illness, and taxes due on the movables, which amounts to the sum of $662, from the prorata part of the sale applicable to the movables, $2,155.12, leaves the sum of $1,493.12 to be distributed among the ordinary creditors, of which plaintiff’s prorata share is the sum of $284.50, instead of $66.08. Accordingly, .our decree of December 2, 1935, is hereby corrected and amended so as to read as follows:
 

 
 *99
 
 For the reasons assigned, the judgment of the lower court, maintaining the exceptions of no cause and no right of action,. and the plea of prescription of one year, is annulled and set aside, and it is now ordered that the case be and it is hereby remanded to the lower court for the sole purpose of affording the defendant an opportunity to establish by competent evidence his alleged claim for board, lodging, and maintenance of plaintiff from October, 1925, to July, 1928, and such defenses and rebuttal evidence as plaintiff may care to introduce; and the district court is further ordered and directed to render judgment in favor of the plaintiff, Mrs. Annie Lou Hall, and against the defendant James Courtney for the sum of $2,424.50, with 5 per cent, interest per annum thereon from June 23, 1926, the date the account was homologated, until paid, subject to such credit as the trial judge may determine that the plaintiff owes the defendant for board, lodging, and maintenance; the defendant to pay all costs of court incurred up to this date, and all further costs of court to await the final outcome of the remaining issue.
 

 Rehearing refused.